Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:       (804) 644-1700
Facsimile:       (804) 783-6192

*Counsel to Wayne Services Legacy Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOYS "R" US, INC., *et al.*,[1] | ) | Case No. 17-34665 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF MOTION AND NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT** on September 27, 2019, Wayne Services Legacy Inc.

("Wayne Services") filed the *Amended Motion for Entry of an Order (I) Granting a Final*

*Decree and Closing the Case of Toys Delaware; and (II) Granting Related Relief* with the

United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

**PLEASE TAKE FURTHER NOTICE THAT <u>your rights may be affected</u>.**   You

should read these papers carefully and discuss them with your attorney, if you have one in these

bankruptcy cases.  (If you do not have an attorney, you may wish to consult one.)

**PLEASE TAKE FURTHER NOTICE THAT** in connection with the chapter 11 cases,

an *Order (I) Establishing Certain Notice, Case Management and Administrative Procedures*

*(II) Granting Related Relief* [Docket No. 129] (the "Case Management Order") was entered by

---

[1]  The debtors in these chapter 11 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's
federal tax identification number, are set forth in the *Debtors' Motion for Entry of an Order (I) Directing Joint
Administration of Chapter 11 Cases and (II) Granting Related Relief* filed on September 19, 2017 [Doc. No. 10].
The location of the Debtors' service address is One Geoffrey Way, Wayne, NJ 07470.

the Court on September 20, 2017, which, among other things, prescribes the manner in which objections must be filed and served and when hearings will be conducted.  A copy of the Case Management Order may be obtained at no charge at https://cases.primeclerk.com/ToysRUs or for a fee via PACER at http://www.vaeb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** if you do not timely file and serve a written objection to the relief requested in the Motion, consistent with the Case Management Order, the Court may deem any opposition waived, treat the Motion as conceded and enter an order granting the relief requested in the Motion without further notice or a hearing.

**PLEASE TAKE FURTHER NOTICE THAT** in accordance with the Case Management Order, if you wish to oppose the Motion, **on or before 5:00 p.m. prevailing Eastern Time on October 10, 2019, or such shorter time as the Court may hereafter order, and of which you may receive subsequent notice, (the "Objection Deadline")**, you must file with the Court, at the address shown below, a written objection pursuant to Local Bankruptcy Rule 9013-1 and the Case Management Order:

Clerk of the Court
United States Bankruptcy Court
701 East Broad Street
Richmond, Virginia 23219

**PLEASE TAKE FURTHER NOTICE THAT** in accordance with the Case Management Order, you must also serve a copy of your written objection on the Core Group, the 2002 List and the Affected Entities, as such terms are defined in the Case Management Order, **on or before the Objection Deadline**.

**PLEASE TAKE FURTHER NOTICE THAT** the Motion is scheduled to be heard before the Court on the Omnibus Hearing date scheduled for **October 17, 2019** at **2:00 p.m.** prevailing Eastern Time, in the United States Bankruptcy Court, 701 East Broad Street, Room

5100, Richmond, Virginia 23219.  If you fail to file timely a written response and to attend the

hearing even if a response is timely filed, the Court may consider any objection you may have

waived and enter an order granting the relief requested.

**PLEASE TAKE FURTHER NOTICE THAT** you should consult the Case

Management Order before filing any written objection to the Motion.

Dated:  September 27, 2019
Richmond, Virginia

/s/ Jeremy S. Williams
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192
Email:    Michael.Condyles@KutakRock.com
         Peter.Barrett@KutakRock.com
         Jeremy.Williams@KutakRock.com

*Counsel to Wayne Services Legacy Inc.*

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:      (804) 644-1700
Facsimile:      (804) 783-6192

*Counsel to Wayne Services Legacy Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOYS "R" US, INC., *et al.*,[2] | ) | Case No. 17-34665 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## AMENDED MOTION FOR ENTRY OF AN ORDER (I)
## GRANTING A FINAL DECREE AND CLOSING THE CHAPTER 11
## CASE OF TOYS DELAWARE; AND (II) GRANTING RELATED RELIEF

Wayne Services Legacy Inc. ("Wayne Services"), by its undersigned counsel, files this

amended motion (the "Motion") for entry of a final decree, the proposed form of which is

attached hereto as **Exhibit A**, pursuant to sections 105 and 350 of Title 11 of the United States

Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code") and Rule 3022 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), closing the bankruptcy case

of Toys "R" Us – Delaware, Inc. [Case No. 17-34669] ("Toys Delaware").  In support of this

Motion, Wayne Services submits as follows:

---

[2] The debtors in these chapter 11 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's
federal tax identification number, are set forth in the *Debtors' Motion for Entry of an Order (I) Directing Joint
Administration of Chapter 11 Cases and (II) Granting Related Relief* filed on September 19, 2017 [Doc. No. 10].
The location of the Debtors' service address is One Geoffrey Way, Wayne, NJ 07470.

## Jurisdiction

1.     The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984.  Wayne Services confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested in this Motion are sections 105 and 350(a) of the Bankruptcy Code, and Bankruptcy Rule 3022.

## Relief Requested

4.     By this Motion, Wayne Services respectfully requests entry of a final decree, substantially in the form attached to this Motion as **Exhibit A**, (a) closing the chapter 11 case of the affiliate Debtor, *In re Toys "R" Us – Delaware Inc.* [Case No. 17-34669], while leaving open the lead chapter 11 case, Case No. 17-34665, *In re Toys "R" Us, Inc.* (the "Lead Case," and the corresponding Debtor, the "Lead Debtor"), which case is still being administered as more specifically set forth herein, and (b) granting related relief.

## Background

5.     On September 19, 2017 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors were previously operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of David A. Brandon,*

*Chairman of the Board and Chief Executive Officer of Toys R Us, Inc., In Support of Chapter 11 Petitions and First Day Motions* [Docket No. 20] and the *Declaration of Michael J. Short, Chief Financial Officer of Toys "R" Us, Inc., in Support of Debtors' First Day Motions* [Docket No. 30]. On September 19, 2017, the Court entered the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 78] directing joint administration of the Debtors' cases under Case No. 17-34665, *In re Toys "R" Us, Inc.*, the Lead Case.

6. On December 21, 2017, the Court entered the *Amended Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, (IV) Approving Notice of Bar Dates, and (V) Granting Related Relief* [Docket No. 1332] (the "General Bar Date Order"), which, among other things, established the following deadline for filing proofs of claim (collectively, the "General Bar Dates"): (a) April 6, 2018, as the deadline for all persons and entities holding or wishing to assert a "claim" (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose before the Petition Date (each, a "Claim"), including any claim arising under section 503(b)(9) of the Bankruptcy Code, to file proof of such Claim in writing; (b) June 18, 2018, as the deadline for all governmental units holding or wishing to assert a Claim against any of the Debtors that arose before the Petition; and (c) the later of (i) April 6, 2018 or June 18, 2018, as applicable, or (ii) 5:00 p.m., prevailing Eastern time, on the date that is 30 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors, as the

deadline for all entities holding claims against the Debtors arising from the rejection of executory contracts and unexpired leases of the Debtors, to file proof of such Claim in writing.

7.    On March 22, 2018, the Bankruptcy Court entered the *Order (I) Authorizing the Debtors to Wind-Down U.S. Operations, (II) Authorizing the Debtors to Conduct U.S. Store Closings, (III) Establishing Administrative Claims Procedures, and (IV) Granting Related Relief* [Docket No. 2344] pursuant to which the Court authorized the Debtors to begin to wind down their U.S. operations.

8.    On May 25, 2018, the Court entered the *Amended Order (I) Setting a Bar Date for Filing Proofs of Administrative Claims Against Certain Debtors, (II) Establishing Administrative Claims Procedures, (III) Approving the Form and Manner of Filing Proofs of Administrative Claims, (IV) Approving Notice of the Administrative Claims Bar Date, and (V) Granting Related Relief* [Docket No. 3260] (the "Admin Claims Bar Date Order" and together with the General Bar Date Order, the "Bar Date Orders"), which, among other things, established:  (a) July 16, 2018, as the deadline to file proof of such claim in writing for all persons and entities holding or wishing to assert a claim entitled to administrative priority under 11 U.S.C. § 503 (other than § 503(b)(9)) (each, an "Administrative Claim") against any of the Debtors that arose between the Petition Date and on or prior to June 30, 2018; and (b) the earlier of: (i) the 15th day of the month at 5:00 p.m., prevailing Eastern Time following the month in which the claim arose; or (ii) 14 days following any hearing on a plan of liquidation, structured settlement, or other proposed resolution to the Debtors' chapter 11 cases, at 5:00 p.m., prevailing Eastern Time, for any Administrative Claim arising after June 30, 2018 (collectively, the "Admin Bar Dates" and together with the General Bar Dates, the "Bar Dates") as the deadline to file

proof of such Administrative Claim in writing.  At this point, Wayne Services believe that all Claims which would constitute a timely-filed Claim have been filed.

9.     On November 21, 2018, the Court entered the *Order Confirming the Fourth Amended Chapter 11 Plans of the Toys Delaware Debtors and Geoffrey Debtors* [Docket No. 5746] confirming the *Fourth Amended Joint Chapter 11 Plan of the Toys Delaware Debtors and Geoffrey Debtors* [Docket No. 5602] (the "Plan").  Pursuant to the *Notice of (I) Entry of the Order Confirming the Fourth Amended Chapter 11 Plans of the Toys Delaware Debtors and Geoffrey Debtors and (II) Occurrence of Effective Date* [Docket No. 6247], the Effective Date (as defined in the Plan) occurred on January 20, 2019.  Wayne Services is the successor to Toys Delaware for the limited purposes set forth in the Plan.

10.     The Debtors' other affiliate cases of Geoffrey Holdings, LLC [Case No. 17-34660], Geoffrey International, LLC [Case No. 17-34666], Geoffrey, LLC [Case No. 17-34667], Giraffe Holdings, LLC [Case No. 17-34661], MAP 2005 Real Estate, LLC [Case No. 17-34663], Toys "R" Us – Value, Inc. [Case No. 17-34664], Toys "R" Us Europe, LLC [Case No. 17-34670], Toys Acquisition, LLC [Case No. 17-34672], TRU – SVC, Inc. [Case No. 17-34659], TRU Asia, LLC [Case No. 17-34673], TRU Guam, LLC [Case No. 17-34674], TRU Mobility, LLC [Case No. 17-34675], TRU of Puerto Rico, Inc. [Case No. 17-34676], TRU Taj (Europe) Holdings, LLC [Case No. 17-34677], TRU Taj Finance, Inc. [Case No. 17-34678], TRU Taj Holdings 1, LLC [Case No. 17-34679], TRU Taj Holdings 2, Limited [Case No. 17-34680], TRU Taj Holdings 3, LLC [Case No. 17-34681], TRU Taj LLC [Case No. 17-34682], Wayne Real Estate Parent Company, LLC [Case No. 17-34683], Giraffe Junior Holdings, LLC [Case No. 17-34662] and Toys "R" Us Property Company II, LLC [Case No. 17-34671] were closed pursuant to orders entered on July 2, 2019 [Docket No. 7126] and September 5, 2019 [Docket

No. 7263].    A motion to close the affiliate case of TRU Taj LLC [Case No. 17-34682] is currently pending before the Court [Docket No. 7269] and is scheduled for hearing on September 30, 2019.

11.    To date, entities have filed approximately 25,000 proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims against the Debtors on an aggregate basis (collectively, the "Proofs of Claim"), collectively asserting more than $116.2 billion in liabilities, of which 5,200 assert administrative priority in the collective amount of approximately $103.2 billion.    A majority of these claims were filed against Toys Delaware. Throughout these chapter 11 cases and since the Effective Date, the Debtors and Wayne Services have worked assiduously to object to and settle asserted Claims and in connection therewith, the Debtors and Wayne Services have filed numerous rounds of omnibus objections which seek to expunge, reduce and/or reclassify any contested Claims. At this time, Wayne Services believes that all or substantially all outstanding Claims which would be permitted a distribution in accordance with the Plan, have been resolved or allowed.

12.    Currently, there are certain pending adversary proceedings which have been brought by the TRU Creditor Litigation Trust or Wayne Services against various parties, seeking the recovery of certain assets.    In addition, Wayne Services may file additional adversary proceedings to recover other assets for the benefit of Toys Delaware's creditors.    The outcome of such adversary proceedings will not have a direct impact on the creditors of Toys Delaware as any funds which are recovered will either be distributed *pro rata* on account of previously allowed Claims or to certain former secured creditors.    No additional claims reconciliation would be required.    Accordingly, to the extent funds are recovered and distributions will be made, such administrative process does not warrant keeping the Toys Delaware case open.

**Relief Requested**

13.    By this Motion, Wayne Services seeks entry of a final decree, pursuant to sections

105(a) and 350 of the Bankruptcy Code and Bankruptcy Rule 3022, closing the chapter 11 case

of Toys Delaware.

**Basis for Relief Requested**

14.    After an estate is fully administered and the court has discharged the trustee, a

court, on motion of a party in interest, may grant a final decree closing a Chapter 11 case. *See* 11

U.S.C. § 350(a); Fed. R. Bankr. P. 3022.

15.    The term "fully administered" is not defined by the Bankruptcy Code.  However,

this Court requires that in order for a final decree to be entered, it must be demonstrated that a

Chapter 11 case has been substantially consummated. See Eastern District of Virginia

Bankruptcy Court Official Form: "*Chapter 11 Closing Procedure for Chapter 11 Cases in Which*

*Substantial Consummation Has Been Completed."* As noted above, "substantial consummation"

means –

> (A)    Transfer of all or substantially all of the property proposed
> by the plan to be transferred;
>
> (B)    Assumption by the debtor or by the successor to the debtor
> under the plan of the business or of the management of all
> or substantially all of the property dealt with by the plan;
> and
>
> (C)    Commencement of distribution under the plan.

*See 11 U.S.C. § 1101(2).*

16.    There has been substantial consummation of the Plan as such term is defined

under 11 U.S.C. § 1101(2). Property was transferred to Wayne Services pursuant to the terms of

the Plan. Furthermore, Wayne Services has made initial distributions and is prepared to make

final distributions pursuant to the terms of the Plan as described below:

### A. Administrative Expense Claims

17.    Pursuant to the Article II.A of the Plan:

> Administrative Settlement Claims against the Toys Delaware
> Debtors shall be allowed and paid solely in accordance with the
> terms of the Settlement Agreement, which is appended hereto as
> Exhibit A and incorporated herein by reference as if fully set forth
> herein.
>
> . . .
>
> Administrative Claims included in the Wind-Down Budget will be
> paid in full as provided for in the Wind-Down Budget, pursuant to
> the allocations included in the Wind-Down Budget. These claims
> include, but are not limited to certain Claims for rent, services, and
> non-merchandise goods. For the avoidance of doubt, any party
> with claims included in the Wind-Down Budget shall not be
> entitled to any payments from the Administrative Claims
> Distribution Pool solely with respect to any amounts included in
> the Wind-Down Budget.

18.    Administrative claims have been or will be paid in accordance with the Settlement

Agreement[3].  Specifically, the Plan provides for the payment of Administrative Claims either

through the Settlement Agreement, in which case such allowed Administrative Claims will

receive their *pro rata* share of the Merchandise Reserve ("Reserve Claims") or in accordance

with the Wind-Down Budget, which allowed Administrative Claims will be paid in full

("Budgeted Claims").  To date, Wayne Services has made an initial distribution to substantially

all holders of allowed Reserve Claims in the amount of 17.5%, except with respect to Endless

Earnings Claims (defined below).  Subject to the entry of a final, non-appealable order approving

the Final Decree of Toys Delaware, Wayne Services anticipates making a final distribution in the

---

[3] Capitalized terms not otherwise defined herein will be ascribed the meaning set forth in the Plan.

additional amount of approximately 4% to holders of allowed Reserve Claims, which amount is subject to change.  Additional distributions, if any, would be made on a *pro rata* basis and all rights with respect thereto are being reserved.

19.     Two holders of allowed Reserve Claims, Wessex Print & Signage Ltd [Claim No. 1117] and LNE Asia Ltd [Claim No. 13634] have refused, to date, to provide Wayne Services with a  W-8, despite multiple requests, which tax document is necessary in order to distribute the related funds.  Wayne Services is accordingly requesting that to the extent such tax documents are not received by the time the Final Decree becomes final and non-appealable, that such claimants are deemed to have forfeited any such right to distribution and such funds may be returned to the Merchandise Reserve and allocated to the all other holders of allowed Reserved Claims on a *pro rata* basis.

20.     All allowed Budgeted Claims have been satisfied in full and as set forth more specifically in **Schedule A** attached hereto.

21.     As previously previewed for this Court, certain customers of Babies "R" Us participated in a program known as "Endless Earnings."  The Endless Earnings program allowed customers to accrue certain rewards, including certain financial payments, for their participation in the program.  Pursuant to the Admin Claims Bar Date Order, any holder of a postpetition claim arising from the Debtors' Babies "R" Us Endless Earnings program, entitled to amounts earned and/or accrued, but not issued by the Debtors, as of March 15, 2018 ("Endless Earnings Claims"), were deemed to automatically have an allowed claim in the amount reflected in the Debtors' real-time reporting database.  Such claim is an allowed Administrative Claim in the amount of $11,950,344.  The Endless Earnings Claims are to be paid on a *pro rata* basis out of the Merchandise Reserve, similar to the Reserve Claims.  Based on the current proposed payout

from the Merchandise Reserve, Wayne Services estimates that approximately 7,300 individuals

will be entitled to a payout as the distribution for such Claims will exceed the $50 *de minimis*

threshold provided for in  Article VI.F(3) of the Plan.   Given the number of claimants and the

cost of distribution via a traditional check, Wayne Services is proposing to employ the services

of PayPal or such other, similar entity, to make the distribution.   In accordance with such

proposed services, Wayne Services will fund an account with PayPal which account will reflect

the amount of total proceeds to be distributed to all holders of Endless Earnings Claims.  Such

holder will then be notified by e-mail, utilizing the e-mail provided in accordance with Endless

Earnings program, of the need to create an account with PayPal for the purpose of receiving such

funds.  The holder of an Endless Earning Claim will then have 30 days to take the necessary

steps to obtain his share of the proceeds.  If a claimholder fails to take the necessary steps to

obtain his proceeds, the funds will be returned to Wayne Services to be used to help offset the

costs of the administration of the Endless Earning Claims or related expenses.  Such process (the

"PayPal Process") is superior and more efficient given that parties generally participated in

Endless Earnings electronically and that there are less costs associated with the processing of the

distributions for the Endless Earnings Claims through PayPal.

**B.  DIP Claims**

22.    Pursuant to Article II.C of the Plan:

> ABL/FILO DIP Facility Claims against the Toys Delaware
> Debtors (other than any Claims based on the Debtors' contingent
> or indemnification obligations under the ABL/FILO DIP Facility
> Credit Agreement for which no claim has been made) have been
> paid in their entirety and shall, therefore, be allowed in the
> aggregate amount of $0.00. Notwithstanding anything to the
> contrary herein, the ABL/FILO DIP Facility Credit Agreement
> shall continue in effect for the purpose of preserving the
> ABL/FILO DIP Agents' and the ABL/FILO DIP Lenders' rights to
> any contingent or indemnification obligations, which shall

continue in full force and effect after the Effective Date, pursuant and subject to the terms of the ABL/FILO DIP Facility Credit Agreement or DIP Orders.

Term DIP Facility Claims against the Toys Delaware Debtors shall be allowed in the aggregate principal amount of $200,000,000, or such lesser amount as may be outstanding as of the date of confirmation of the Plan plus accrued and unpaid interest. In full and final satisfaction, compromise, settlement, and release of and in exchange for each allowed Term DIP Facility Claim against the Toys Delaware Debtors, each holder thereof shall receive residual proceeds from the sale of their collateral, as such proceeds are received, until paid in full or such proceeds are exhausted. For the avoidance of doubt, except for the Initial Fixed Amount, the Toys Delaware Debtors shall repay all remaining amounts owing under the Term DIP Facility prior to making any other distributions, including distributions into the Administrative Claims Distribution Pool.

23.    The Debtors and/or Wayne Services have paid such claims according to the terms of the Plan.

## C. Professional Claims

24.    Pursuant to Article II.B of the Plan:

In accordance with this Article II.B, as soon as reasonably practicable after the Confirmation Date and no later than the Effective Date, the Debtors shall establish the Professional Fee Escrow Account. The Toys Delaware Debtors shall fund the Professional Fee Escrow Account with Cash in the amount of the aggregate Professional Fee Escrow Amount for all Professionals. The Professional Fee Escrow Account shall be funded on the Effective Date. The Professional Fee Escrow Account shall be maintained in trust for the Professionals. Such funds shall not be considered property of the Debtors' Estates or any of the Successor Entities, except as otherwise provided in the Settlement Agreement.

25.    The Debtors and/or Wayne Services have paid all such allowed claims according to the terms of the Plan or provided for the payment of such claims pursuant to the Professional Fee Escrow Account, as more specifically set forth in **Schedule A**.

### D.  Priority Tax Claims

26.    Pursuant to Article II.D of the Plan:

> Holders of Allowed Priority Tax Claims shall receive any excess
> value available for distribution from the applicable Debtor
> following repayment of all secured claims and all claims entitled to
> senior or administrative priority in accordance with the Bankruptcy
> Code, if any. The failure to object to Confirmation by a Holder of
> an Allowed Priority Tax Claim shall be deemed to be such
> Holder's consent to receive treatment for such Claim that is
> different from that set forth in section 1129(a)(9) of the
> Bankruptcy Code.

27.    Pursuant to the Plan, no distribution was contemplated to be made to holders of
allowed Priority Tax Claims except to the extent there was excess value available after satisfying
certain higher priority claims.  Because no such excess value was available, the Priority Tax
Claims were generally not reconciled and no distributions were made to the holders of Priority
Tax Claims under the Plan.

### E.  United States Trustee Fees

28.    Article XII.C of the Plan provides that quarterly fees due the United States
Trustee will be paid on the Effective Date and will continue to be paid until the bankruptcy case
is closed.  In accordance with this provision, all such fees have been paid.

### F.  Class A1 – Other Secured Claims Against the Toys Delaware Debtors

29.     Pursuant to Article III.B(1) of the Plan:

> On the Effective Date, or as soon as reasonably practicable
> thereafter, in full and final satisfaction, compromise, settlement,
> and release of and in exchange for each Allowed Other Secured
> Claim against the Toys Delaware Debtors, each Holder thereof
> shall receive, at the option of the applicable Toys Delaware
> Debtor: (i) payment in full in Cash solely from the proceeds of
> collateral securing such Allowed Other Secured Claim;  (ii)
> delivery of the collateral securing any such claim and payment of
> any interest required under section 506(b) of the Bankruptcy Code;
> (iii) reinstatement of such Other Secured Claim; or (iv) such other

treatment as shall render such claim unimpaired, provided however, that holders of Allowed Other Secured Claims shall not receive any distribution from the Administrative Claims Distribution Pool.

30.     The Debtors and/or Wayne Services have paid all such allowed claims according to the terms of the Plan and as more specifically set forth in **Schedule A**.

### G.  Class A2 - Other Priority Claims Against the Toys Delaware Debtors

31.     Pursuant to Article III.B(2) of the Plan:

Except to the extent there is any excess value available for distribution from the applicable Toys Delaware Debtor following repayment of all Secured Claims and all Claims entitled to senior or administrative priority in accordance with the Bankruptcy Code, on the Effective Date, or as soon as reasonably practicable thereafter, each Allowed Other Priority Claim against the Toys Delaware Debtors shall receive no distribution. The failure to object to Confirmation by a Holder of an Allowed Other Priority Claim against the Toys Delaware Debtors shall be deemed to be such Holder's consent to receive treatment for such Claim that is different from that set forth in section 1129(a)(9) of the Bankruptcy Code.

32.     The Debtors and/or Wayne Services have paid all such allowed claims according to the terms of the Plan.

### H.  Class A3 – Delaware Secured ABL/FILO Facility Claims Against the Toys Delaware Debtors

33.     Pursuant to Article III.B(3) of the Plan:

On the Effective Date, or as soon as reasonably practicable thereafter, in full and final satisfaction, compromise, settlement, and release of and in exchange for of each allowed Delaware Secured ABL/FILO Facility Claim, each holder thereof shall receive payment in full in Cash.

34.     The Debtors and/or Wayne Services have paid such allowed claims according to the terms of the Plan.

### I.  Class A4 - Term B-2 Loan and Term B-3 Loan Claims
### Against the Toys Delaware Debtors

35.     Pursuant to Article III.B(4) of the Plan:

> Term B-2 Loan and Term B-3 Loan claims against the Toys
> Delaware Debtors shall be allowed in the aggregate amount of
> $184,461,500, plus post-petition interest and other contractual
> amounts to the extent proceeds distributable on account of Term
> B-2 Loan and Term B-3 Loan claims exceed the prepetition claim
> amounts, provided, that if the Term B Lenders' Shared Services
> Credit Bid is ultimately the successful bid in the Shared Services
> Sale, the allowed amount of Term B-2 Loan Claims and Term B-3
> Loan Claims against the Toys Delaware Debtors shall be reduced
> by the Term B-2/B-3 Delaware Portion of the Term B Lenders'
> Shared Services Credit Bid.

36.     The Debtors and/or Wayne Services have paid such allowed claims according the

terms of the Plan and as more specifically set forth in **Schedule A**.

### J.  Class A5 – Term B-4 Loan Claims Against the Toys Delaware Debtors

37.     Pursuant to Article III.B(5) of the Plan:

> Term B-4 Loan Claims against the Toys Delaware Debtors shall be
> allowed in the aggregate amount of $997,518,535, plus post-
> petition interest and other amounts to the extent proceeds
> distributable on account of Term B-4 Loan claims exceed the
> prepetition claim amounts, provided, that if the Term B Lenders'
> Shared Services Credit Bid is ultimately the successful bid in the
> Shared Services Sale, the allowed amount of Term B-4 Loan
> Claims against the Toys Delaware Debtors shall be reduced by the
> Term B-4 Delaware Portion of the Term B Lenders' Shared
> Services Credit Bid.

38.     The Debtors and/or Wayne Services have paid such allowed claims according the

terms of the Plan and as more specifically set forth in **Schedule A**.

### J.  Class A6 – General Unsecured Claims Against the Toys Delaware Debtors

39.     Pursuant to Article III.B(6) of the Plan:

> Except to the extent there is any residual value available for
> distribution from the Toys Delaware Debtors after Classes A1

through A5, as well as Allowed Administrative Claims and Priority Tax Claims are paid in full, each General Unsecured Claim against the Toys Delaware Debtors shall receive no distribution on account of such General Unsecured Claim; however, Holders of General Unsecured Claims will receive their pro rata share of any such residual value.

40.    Pursuant to the Plan, no distribution was contemplated to be made to holders of allowed General Unsecured Claims except to the extent there was residual value available after satisfying certain higher priority claims.  Because no such residual value was available, the General Unsecured Claims were not reconciled and no distributions were made to the holders of General Unsecured Claims.

## K.  Other Claims

41.    Pursuant to the terms of the Plan, no distributions were made on account of Class A7 (Intercompany Claims) or Class A8 (Intercompany Interests) claims.  Pursuant to Articles III.B(7) and (8), all such claims were deemed cancelled upon the occurrence of the Effective Date.

42.    Accordingly and except as otherwise provided herein, the estate has been fully administered pursuant to the terms of the Plan.  A Final Account is attached hereto **Exhibit B.**

## Basis for Relief

43.    Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

44.    Neither the Bankruptcy Code nor the Bankruptcy Rules define the term "fully administered."  The notes of the Advisory Committee on the Bankruptcy Rules to Bankruptcy Rule 3022 identify the following non-exclusive factors to be considered to determine whether a case has been fully administered:

a) whether the order confirming the plan has become final,

b) whether deposits required by the plan have been distributed,

c) whether the property proposed by the plan to be transferred has been

    transferred,

d) whether the debtor or the successor of the debtor under the plan has assumed

    the business or the management of the property dealt with by the plan,

e) whether payments under the plan have commenced, and

f) whether all motions, contested matters, and adversary proceedings have

    been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee's note to 1991 amendment.[4]

45.     Nevertheless, "[i]n the end ... these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, 2005 Bankr. LEXIS 132, *5 (Bankr. D. Del. June 24, 2005) (citation omitted).  In fact, "Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered." *In re Union Home and Industrial, Inc.*, 375 B.R. 912, 916 (10th Cir. B.A.P. 2007).

46.     The factors identified in the *Advisory Committee* note support entering a final decree closing the chapter 11 case of Toys Delaware.  The first factor is satisfied because the Confirmation Order is final and non-appealable.  The remaining factors are satisfied because on the Effective Date all the assets of Toys Delaware were transferred to Wayne Services, substantially all assets have been distributed pursuant to the terms of the Plan and substantially all Claims required to be paid pursuant to the Plan have been paid.  In addition, all contested

---

[4] The notes of the Advisory Committee also state that "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed." *Id.*

matters, motions and adversary proceedings, which impact substantial consummation of the Plan directly, have been resolved.

47.    In addition to the factors identified in the *Advisory Committee* notes, courts also have considered whether a plan has been substantially consummated.  *See In re Gates Community Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997). The Bankruptcy Code defines the term "substantial consummation" as:

> a)  transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> b)  assumption by the debtor or by the successor to the debtor under the plan of the business or management of all or substantially all of the property dealt with by the plan; and
>
> c)  commencement of distribution under the plan.

11 U.S.C. § 1101(2).

48.    On the Effective Date, all assets of Toys Delaware were transferred to Wayne Services [Docket No. 6451].  *See* Plan Article IV.N. Furthermore, all of Toys Delaware's property was transferred under the Plan, and Wayne Services assumed administration of the Toys Delaware's assets and certain liabilities in accordance with its duties under the Plan. Distribution of such assets and treatment of the various claims, as set forth in the Plan, has been substantially completed.

49.     As a result, the Plan has been substantially consummated under Bankruptcy Code section 1101(2).

50.    In sum, the continuation of the Toys Delaware case serves no useful purpose and is causing Wayne Services to incur unnecessary expenses.  Therefore, based on the foregoing,

Wayne Services submits that it is appropriate for the Court to enter a final decree closing the chapter 11 cases of Toys Delaware.

### **Request for Waiver of Local Rule 9013-1(G)**

51.    Wayne Services respectfully requests that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Rule 9013-1(G).

### **Notice**

Notice of this Motion has been given to the Core Group, the 2002 List and Affected Entities as required by the Case Management Procedures.[5]  In light of the nature of the relief requested, Wayne Services respectfully submits that no further notice is required.

*[Remainder of page intentionally left blank]*

---

[5] Capitalized terms used in this paragraph but not otherwise defined herein shall have the meanings set forth in the Order (I) Establishing Certain Notice, Case Management and Administrative Procedures and (II) Granting Related Relief [Docket No. 129].

**WHEREFORE**, Wayne Services respectfully requests that the Court (a) approve the Final Report; (b) enter the final decree, substantially in the form annexed hereto as **Exhibit A**, closing the Chapter 11 case of Toys Delaware; and (c) grant such other and further relief as the Court may deem proper.

Dated:  September 27, 2019
Richmond, Virginia

/s/ Jeremy S. Williams
_____
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
Riverfront Plaza
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192
Michael.Condyles@KutakRock.com
Peter.Barrett@KutakRock.com
Jeremy.Williams@KutakRock.com

*Counsel to Wayne Services Legacy Inc.*

## **EXHIBIT A**

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:          (804) 644-1700
Facsimile:          (804) 783-6192

*Counsel to Wayne Services Legacy Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOYS "R" US, INC., *et al.*,[1] | ) | Case No. 17-34665 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### FINAL DECREE IN THE CHAPTER 11 CASE OF TOYS DELAWARE

Upon the motion (the "Motion")[2] of Wayne Services Legacy Inc. ("Wayne Services"),

by counsel, for entry of a final decree, pursuant to sections 105 and 350 of title 11 of the United

States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code") and Rule 3022 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), closing the bankruptcy

case of Toys "R" Us – Delaware Inc. [Case No. 19-34669] ("Toys Delaware"), the Court finds

that: (i) the estate of Toys Delaware has been fully administered; (ii) it has jurisdiction over the

matters raised in the Motion pursuant to 28 U.S.C. § 1334(b); (iii) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); (iv) the relief requested in the Motion is in the best interest of

the Debtors, their estates and their creditors; (v) Wayne Services has made adequate provision

---

[1]  The debtors in these chapter 11 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's
federal tax identification number, are set forth in the *Debtors' Motion for Entry of an Order (I) Directing Joint
Administration of Chapter 11 Cases and (II) Granting Related Relief* filed on September 19, 2017 [Doc. No. 10].
The location of the Debtors' service address is One Geoffrey Way, Wayne, NJ 07470.

[2]  Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

for the payment of all required classes under the Plan and upon making any final distribution, will have fully satisfied all classes under the Plan; (vi) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (vii) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief set forth herein,  it is hereby ORDERED, ADJUDGED and DECREED that:

1.    The Motion is granted.

2.    Pursuant to sections 105(a) and 350(a), the chapter 11 case of Toys Delaware shall be and hereby is closed effective as of the date of the entry of this final decree.

3.    The Clerk of the Court shall enter this final decree and thereafter the docket for Toys Delaware shall be marked as "Closed."

4.    This final decree is without prejudice to any party's rights to re-open the case of Toys Delaware.

5.    Wayne Services is authorized, but not required to, implement the PayPal Process for the payment of the Endless Earnings Claims or enter into a similar process with another, similar entity, at its discretion.

6.    Wessex Print & Signage Ltd [Claim No. 1117] and LNE Asia Ltd [Claim No. 13634] are deemed to have waived their right to any distribution under the Plan to the extent they fail to provide Wayne Services the required tax forms prior to the date this Order becomes final and non-appealable.

7.    For the avoidance of doubt, nothing in the Motion or in this Final Decree shall impair or modify the rights of the Non-Released Claims Trust in any respect, including any rights relating to or duties provided under the Plan, the Confirmation Order, or the Non-Released

Claims Trust Agreement, or the pursuit or prosecution of any Non-Released Claims in any court of competent jurisdiction, which shall remain unaffected by the closing of the Toys Delaware case.

8.      Wayne Services is authorized to take all actions necessary to effectuate the relief granted pursuant to this final decree in accordance with the Motion.

9.      The terms and conditions of this final decree shall be immediately effective and enforceable upon its entry.

10.     The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

11.     Notice of the Motion satisfies the requirements of the Bankruptcy Rules and the Local Bankruptcy Rules and is sufficient in all respects.

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this final decree.


Date: _____                          _____
Richmond, Virginia                                     United States Bankruptcy Judge



/s/  *Jeremy S. Williams*_____
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
Riverfront Plaza
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone:     (804) 644-1700
Facsimile:     (804) 783-6192

*Counsel to Wayne Services Legacy Inc.*

## <u>CERTIFICATION OF ENDORSEMENT</u>
## <u>UNDER LOCAL BANKRUPTCY RULE 9022-1(C)</u>

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

<u>/s/  *Jeremy S. Williams*            </u>

**EXHIBIT B**

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:        (804) 644-1700
Facsimile:        (804) 783-6192

*Counsel to Wayne Services Legacy Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOYS "R" US, INC., *et al.*,[1] | ) | Case No. 17-34665 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FINAL ACCOUNT**

The above-captioned debtors (the "Debtors") filed a voluntary petition under Title 11,

Chapter 11 in the United States Bankruptcy Court for the Eastern District of Virginia on May 12,

2016.  Pursuant to the requirements of 11 U.S.C. § 1106(a)(7), the Local Rules of this Court and

the *Order Confirming the Fourth Amended Chapter 11 Plans of the Toys Delaware Debtors and*

*Geoffrey Debtors* [Docket No. 5746] confirming the *Fourth Amended Joint Chapter 11 Plan of*

*the Toys Delaware Debtors and Geoffrey Debtors* [Docket No. 5602] (the "Plan"). Wayne

Services now files this final account with respect to the case of Toys "R" Us – Delaware Inc.

[Case No. 19-34669] ("Toys Delaware")[2]:

---

[1]  The debtors in these chapter 11 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's
federal tax identification number, are set forth in the *Debtors' Motion for Entry of an Order (I) Directing Joint
Administration of Chapter 11 Cases and (II) Granting Related Relief* filed on September 19, 2017 [Doc. No. 10].
The location of the Debtors' service address is One Geoffrey Way, Wayne, NJ 07470.

[2]  This final account reports payments made by both by the Debtors and by Wayne Services through September 15,
2019, in furtherance of the payments required to be paid under the Plan.  In certain instances, Wayne Services
does not have access to historical payment information prior to the Effective Date, but the information contained

1.  <u>Professional Expenses paid</u>:

    See **<u>Schedule A</u>** attached hereto for a listing of the professional fees paid by professional.

2.  <u>United States Trustee Fees paid</u>:

    See **<u>Schedule A</u>** attached hereto for a listing of the U.S. Trustee Fees paid by the various Debtors.

3.  <u>Priority Tax Claims paid under the Plan</u>:

    None.

4.  <u>Administrative Expense Claims</u>:

    See **<u>Schedule A</u>** attached hereto for a listing of Administrative Expense Claims paid in total and per store location.

5.  <u>Amounts paid to secured creditors</u>:

    See **<u>Schedule A</u>** attached hereto for a listing of secured Claims paid in total, in connection with certain term loans and in connection with Other Secured Claims.

6.  <u>Unsecured Claims paid under the Plan</u>:

    None.

7.  <u>Amount paid or to be paid to intercompany claimants/equity security holders under the Plan</u>:

    None.

Wherefore Wayne Services submits this final account in discharge of its obligations under 11 U.S.C. § 1106 and 1107.

---

herein is true and accurate to the best of its knowledge.  Capitalized terms not otherwise defined herein shall have the meaning provided for in the Plan.

Dated:  September 27, 2019
Richmond, Virginia

/s/ Jeremy S. Williams
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
Riverfront Plaza
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone:      (804) 644-1700
Facsimile:      (804) 783-6192
Michael.Condyles@KutakRock.com
Peter.Barrett@KutakRock.com
Jeremy.Williams@KutakRock.com

*Counsel to Wayne Services Legacy Inc.*

**<u>Schedule A</u>**

Schedule A

Toys R Us, Delaware, *et al.,*
Professional Expenses Paid

| Professional | Role | Total Paid |
|---|---|---|
| A&G Realty Partners | Debtors' Real Estate Advisor | 674,157 |
| AlixPartners | ABL/FILO DIP Financial Advisor | 922,643 |
| Alvarez & Marsal | Debtors' Restructuring Advisor | 38,359,403 |
| Arnold & Porter Kaye Scholer | B-2/B-3 Legal Counsel | 1,697,792 |
| Bean, Kinney & Korman, P.C. | Wayne Services Legacy Inc Conflict Local Counsel | 7,573 |
| Berkeley Research Group | B-4 Business Advisor | 3,389,960 |
| Cahill Gordon | Admin Agent Legal Counsel | 152,176 |
| CBRE, Inc | B-4 Real Estate Advisor | 507,200 |
| Cleary Gottlieb | Debtors' Ind Directors Counsel | 3,770,093 |
| Cole Schotz | DIP Term Loan Agent | 216,138 |
| Consensus Advisory Services | Debtors' Sale Process Investment Banker | 300,600 |
| Crenshaw, Ware & Martin | Debtors' Ind Directors Local Counsel | 66,580 |
| Crowley Liberatore | Wayne Real Estate Parent Co. Local Counsel | 19,107 |
| Curtis, Mallet-Prevost | Debtors' Ind Directors Counsel | 2,425,878 |
| Davis Polk | ABL/FILO DIP Legal Counsel | 5,254,899 |
| DJM Realty Services, LLC | Debtors' Real Estate Consultant & Advisor | 417,370 |
| Ducera Partners | Debtors' Ind Directors Financial Advisor | 500,000 |
| Ernst & Young | Debtors' Auditor | 4,240,452 |
| FTI Consulting | UCC Financial Advisor | 7,759,130 |
| Goldin Associates | Debtors' Financial Advisor | 193,683 |
| Gordon Brothers Retail Partners, LLC | Debtors' Liquidators | 164,828,984 |
| Great American Group, LLC | Debtors' Liquidators | 2,791,840 |
| Houlihan Lokey | B-4 Financial Advisor | 5,706,784 |
| Hunton & Williams | ABL/FILO DIP Legal Counsel | 159,659 |
| Hunton Andrews Kurth | Debtors' Legal Counsel | 375,642 |
| Huron Consulting | B-2/B-3 Financial Advisor | 2,140,856 |
| Katten Muchin Rosenman | Debtors' Ind Directors Counsel | 3,693,742 |
| Kaufman & Canoles | Debtors' Ind Directors Local Counsel | 140,169 |
| Kirkland & Ellis | Debtors' Legal Counsel | 46,070,032 |
| Klehr Harrison | Debtors' Wayne Legal Counsel | 224,684 |
| KMPG | Debtors' Tax & Intrnal Audit Advisor | 10,378,167 |
| Kramer Levin | UCC legal Counsel | 13,767,813 |
| Kutak Rock | Debtors' Local Legal Counsel | 1,600,183 |
| Lazard | Debtors' Financial Advisor | 3,761,818 |
| Malfitano Advisors | Debtors' Aset Disposition Advisor | 675,073 |
| McGuire Woods | B-4 Legal Counsel | 1,621,951 |
| Moelis & Company | UCC Investment Banker | 3,873,000 |
| Munger, Tolles & Olson | Debtors' Conflicts Counsel | 339,429 |
| Nancy Rapoport | Fee Examiner | 141,707 |
| Ocean Ridge Capital Advisors, LLC | WSLI winddown Advisor | 180,109 |
| Osler Hoskin | B-4 Legal Counsel | 106,735 |
| Pricewaterhouse Coopers | Debtors' Tax & Accounting Advisor | 565,820 |
| Prime Clerk | Debtors' Claims/Noticing Agent | 11,122,394 |
| Ronald Page, PLC | Debtors' Local Conflicts Counsel | 6,877 |
| Shaw Fishman | Debtors' Giraffe, Propco II Counsel | 101,328 |
| Sherman & Sterling | Admin Agent Legal Counsel | 1,243,277 |

Schedule A

Toys R Us, Delaware, *et al.,*
Professional Expenses Paid

| **Professional** | **Role** | **Total Paid** |
|---|---|---|
| Skadden Arps | Prepet. ABL/FILO Agent | 95,735 |
| Troutman Sanders | Admin Agent Legal Counsel | 33,363 |
| Wachtell Lipton | B-4 Legal Counsel | 10,207,093 |
| Wolcott Rivers | UCC Local legal Counsel | 497,332 |
| Zolfo Cooper | Debtors' Ind Directors Financial Advisor | 550,166 |
| Professional Fee Escrow (various professionals) | Various | 13,770,000 |
| | | $ 371,646,596 |

Schedule A

Toys R Us, Delaware, *et al.,*
United States Trustee Fees Paid

| Case # | Debtor | | Fees Paid |
|--------|--------|---|-----------|
| 17-34669 | Toys R Us - Delaware Inc | $ | 1,500,975 |
| 17-34660 | Geoffrey Holdings LLC | | 356,625 |
| 17-34666 | Geoffrey International LLC | | 2,275 |
| 17-34667 | Geoffrey LLC | | 591,320 |
| 17-34661 | Giaraffe Holdings LLC | | 1,950 |
| 17-34672 | Toys Acquisition LLC | | 1,950 |
| 17-34659 | TRU-SVC, Inc | | 516,119 |
| 17-34674 | Tru Guam, LLC | | 16,575 |
| 17-34676 | Tru of Puerto Rico | | 62,440 |
| 17-34683 | Wayne Real Estate Parent Co | | 1,950 |
| | | $ | 3,052,179 |

Schedule A

Toys R Us, Delaware, *et al.,*
Taxing Authority Claims*

| Name | Paid |
|---|---|
| ADAMS COUNTY TREASURER | $ 14,263.40 |
| ALLEN COUNTY TREASURER | $ 66,307.38 |
| ALLEN COUNTY TREASURER | $ 8,089.68 |
| ALLEN ISD | $ 22,600.44 |
| ALLEN ISD | $ 25,992.76 |
| ARAPAHOE COUNTY TREASURER | $ 4,157.56 |
| ARAPAHOE COUNTY TREASURER COLORADO | $ 17,181.68 |
| ARLINGTON INDEPENDENT SCHOOL DISTRICT | $ 13,091.42 |
| ARLINGTON INDEPENDENT SCHOOL DISTRICT | $ 9,090.43 |
| ARLINGTON INDEPENDENT SCHOOL DISTRICT | $ 38,317.00 |
| ARLINGTON INDEPENDENT SCHOOL DISTRICT | $ 10,745.30 |
| ARLINGTON INDEPENDENT SCHOOL DISTRICT | $ 16,078.41 |
| ASCENSION PARISH SHERIFF'S OFFICE | $ 2,304.13 |
| BALDWIN COUNTY | $ 397.32 |
| BALTIMORE COUNTY, MARYLAND | $ 28,293.91 |
| BALTIMORE COUNTY, MARYLAND | $ 45,293.40 |
| BAYBROOK MUNICIPAL UTILITY DISTRICT # 1 | $ 12,760.90 |
| BAYBROOK MUNICIPAL UTILITY DISTRICT #1 | $ 15,503.97 |
| BELL COUNTY TAX APPRAISAL DISTRICT | $ 25,096.99 |
| BENTON COUNTY TREASURER | $ 1,752.37 |
| BERNALILLO COUNTY TREASURER | $ 5,941.44 |
| BEXAR COUNTY | $ 86,576.66 |
| BEXAR COUNTY | $ 68,736.07 |
| BEXAR COUNTY | $ 72,435.98 |
| BEXAR COUNTY | $ 64,609.12 |
| BOONE COUNTY MISSOURI | $ 1,144.88 |
| BRAZORIA COUNTY TAX OFFICE | $ 2,406.68 |
| BRAZORIA COUNTY TAX OFFICE | $ 3,089.41 |
| BRAZOS COUNTY, TEXAS | $ 24,124.43 |
| BROWARD COUNTY | $ 19,124.21 |
| BROWARD COUNTY | $ 122,587.12 |
| BROWARD COUNTY | $ 155,044.10 |
| BROWARD COUNTY | $ 15,490.68 |
| CABARRUS COUNTY | $ 4,315.15 |
| CAPE GIRARDEAU COUNTY COLLECTOR DIANE DIEBOLD | $ 733.44 |
| CARROLLTON-FARMERS BRANCH INDEPENDENT SCHOOL DISTRICT | $ 19,581.20 |
| CARROLLTON-FARMERS BRANCH INDEPENDENT SCHOOL DISTRICT | $ 22,835.25 |
| CASCADE CHARTER TOWNSHIP | $ 2,633.51 |
| CHARLES COUNTY MARYLAND | $ 10,234.97 |
| CHARTER TOWNSHIP OF FLINT | $ 913.37 |
| CHARTER TOWNSHIP OF FORT GRATIOT | $ 496.37 |
| CHATHAM COUNTY TAX COMMISSIONER | $ 18,019.54 |
| CHEROKEE COUNTY TAX COMMISSIONER | $ 1,347.86 |
| CITY AND COUNTY OF HONOLULU | $ 69,280.91 |
| CITY OF BANGOR | $ 47,134.12 |
| CITY OF EL PASO | $ 57,274.84 |
| CITY OF EL PASO | $ 87,452.43 |
| CITY OF EL PASO | $ 66,953.93 |
| CITY OF EL PASO | $ 25,062.99 |

Schedule A

Toys R Us, Delaware, *et al.,*
Taxing Authority Claims*

| Name | Paid |
|------|------|
| CITY OF FREDERICKSBURG, VIRGINIA | $    6,579.19 |
| CITY OF FRISCO | $    6,521.28 |
| CITY OF FRISCO | $    6,944.79 |
| CITY OF GARLAND | $    8,821.38 |
| CITY OF GARLAND | $    9,247.45 |
| CITY OF GRAPEVINE | $      317.22 |
| CITY OF GRAPEVINE | $      416.21 |
| CITY OF HOUSTON | $   14,516.89 |
| CITY OF HOUSTON | $   15,179.57 |
| CITY OF KATY | $    5,807.74 |
| CITY OF KATY | $    4,736.78 |
| CITY OF LAREDO TAX DEPT. | $   10,036.57 |
| CITY OF MADISON | $    5,507.78 |
| CITY OF MCALLEN | $   10,230.61 |
| CITY OF MCALLEN | $   10,050.44 |
| CITY OF MERCEDES | $    1,058.46 |
| CITY OF MERCEDES | $    1,522.93 |
| CITY OF MESQUITE AND MESQUITE INDEPENDENT SCHOOL DISTRICT | $   30,910.36 |
| CITY OF MESQUITE AND MESQUITE INDEPENDENT SCHOOL DISTRICT | $   44,398.69 |
| CITY OF MESQUITE AND MESQUITE INDEPENDENT SCHOOL DISTRICT | $   22,450.96 |
| CITY OF MESQUITE AND MESQUITE INDEPENDENT SCHOOL DISTRICT | $   15,455.18 |
| CITY OF NORWALK | $    6,674.34 |
| CITY OF TEMPE - TAX & LICENSE | $    8,536.49 |
| CITY OF WACO AND/OR WACO INDEPENDENT SCHOOL DISTRICT | $   59,246.89 |
| CITY OF WACO AND/OR WACO INDEPENDENT SCHOOL DISTRICT | $   22,124.45 |
| CITY OF WACO AND/OR WACO INDEPENDENT SCHOOL DISTRICT | $   23,230.68 |
| CITY OF WINCHESTER VIRGINIA | $    5,255.42 |
| CLACKAMAS COUNTY ASSESSMENT & TAX | $    5,615.26 |
| CLEAR CREEK INDEPENDENT SCHOOL DISTRICT | $   26,213.06 |
| CLEAR CREEK INDEPENDENT SCHOOL DISTRICT | $   27,124.58 |
| COLLIN COUNTY TAX ASSESSOR/ COLLECTOR | $   26,934.07 |
| COLLIN COUNTY TAX ASSESSOR/ COLLECTOR | $   12,947.65 |
| COUNTY OF FAIRFAX | $   24,163.38 |
| COUNTY OF SAN BERNARDINO | $  414,604.61 |
| COUNTY OF SAN DIEGO | $   25,550.84 |
| COWETA COUNTY TAX COMMISSIONER | $   12,837.05 |
| CROWLEY INDEPENDENT SCHOOL DISTRICT | $   10,541.96 |
| CROWLEY INDEPENDENT SCHOOL DISTRICT | $   51,052.27 |
| CUMBERLAND COUNTY TAX COLLECTOR | $    2,834.94 |
| CYPRESS - FAIRBANKS ISD | $   25,826.09 |
| CYPRESS - FAIRBANKS ISD | $   29,161.50 |
| DALLAS COUNTY | $  149,033.45 |
| DALLAS COUNTY | $  162,822.90 |
| DAWSON COUNTY | $    1,493.53 |
| DAWSON COUNTY TAX COMMISSIONER'S OFFICE | $    1,592.12 |
| DICKINSON INDEPENDENT SCHOOL DISTRICT | $    1,047.58 |
| DICKINSON INDEPENDENT SCHOOL DISTRICT | $    1,300.36 |
| DORIS MALOY, LEON COUNTY TAX COLLECTOR | $    1,697.64 |
| DOUGLAS COUNTY TAX COMMISSIONER | $   34,907.07 |

Schedule A

Toys R Us, Delaware, *et al.,*
Taxing Authority Claims*

| Name | Paid |
|---|---|
| DOUGLAS COUNTY TREASURER | $ 2,700.62 |
| DOUGLAS COUNTY TREASURER | $ 144,756.64 |
| EIGHTH UTILITIES DISTRICT | $ 442.68 |
| EL PASO COUNTY TREASURER | $ 93,807.88 |
| ELLIS COUNTY | $ 972,298.92 |
| ELLIS COUNTY | $ 1,594,985.77 |
| ESCAMBIA COUNTY TAX COLLECTOR | $ 5,229.00 |
| ESCAMBIA COUNTY TAX COLLECTOR | $ 6,740.63 |
| FAYETTE COUNTY TAX COMMISSIONER | $ 17,208.19 |
| FLOYD COUNTY TAX COMMISSIONER | $ 13,806.77 |
| FORREST "BUTCH" FREEMAN OKLAHOMA COUNTY TREASURER | $ 34,216.98 |
| FORT BEND COUNTY | $ 12,007.88 |
| FORT BEND COUNTY | $ 12,641.53 |
| FORT BEND COUNTY LEVEE IMPROVEMENT DISTRICT # 2 | $ 935.30 |
| FORT BEND COUNTY LEVEE IMPROVEMENT DISTRICT # 2 | $ 850.27 |
| FORT BEND INDEPENDENT SCHOOL DISTRICT | $ 21,225.34 |
| FORT BEND INDEPENDENT SCHOOL DISTRICT | $ 21,213.32 |
| GALVESTON COUNTY | $ 1,227.53 |
| GALVESTON COUNTY | $ 2,527.89 |
| GALVESTON COUNTY MUNICIPAL UTILITY DISTRICT # 54 | $ 461.97 |
| GALVESTON COUNTY MUNICIPAL UTILITY DISTRICT #54 | $ 372.17 |
| GARFIELD TOWNSHIP | $ 1,522.74 |
| GARLAND INDEPENDENT SCHOOL DISTRICT | $ 18,278.76 |
| GARLAND INDEPENDENT SCHOOL DISTRICT | $ 19,161.62 |
| GRAPEVINE-COLLEYVILLE INDEPENDENT SCHOOL DISTRICT | $ 1,531.66 |
| GRAPEVINE-COLLEYVILLE INDEPENDENT SCHOOL DISTRICT | $ 2,009.59 |
| GREGG COUNTY | $ 25,605.62 |
| GREGG COUNTY | $ 26,246.46 |
| HARRIS COUNTY | $ 170,719.41 |
| HARRIS COUNTY MUNICIPAL UTILITY DISTRICT # 358 | $ 550.74 |
| HARRIS COUNTY MUNICIPAL UTILITY DISTRICT # 358 | $ 535.37 |
| HARRIS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT # 155 | $ 126.40 |
| HARRIS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT # 155 | $ 122.87 |
| HARRIS COUNTY, ET AL. | $ 227,931.12 |
| HARRIS COUNTY, ET AL. | $ 499,877.05 |
| HENRY COUNTY TAX COMMISSIONER | $ 364,543.85 |
| HIDALGO COUNTY | $ 47,329.84 |
| HIDALGO COUNTY | $ 49,761.65 |
| HILLSBOROUGH COUNTY TAX COLLECTOR | $ 2,293.76 |
| HILLSBOROUGH COUNTY TAX COLLECTOR | $ 11,741.06 |
| HOUSTON COUNTY GEORGIA | $ 8,623.09 |
| HUMBLE INDEPENDENT SCHOOL DISTRICT | $ 3,079.63 |
| HUMBLE INDEPENDENT SCHOOL DISTRICT | $ 18,232.93 |
| ILLINOIS DEPARTMENT OF REVENUE | $ 31,808.00 |
| J. DENNIS SEMLER TULSA COUNTY TREASURER | $ 50,581.00 |
| JEFFERSON COUNTY | $ 39,628.66 |
| JEFFERSON COUNTY | $ 37,148.49 |
| JOE G. TEDDER, CFC POLK COUNTY TAX COLLECTOR | $ 10,972.39 |
| JOEL GREENBERG, SEMINOLE COUNTY TAX COLLECTOR | $ 4,823.42 |

Schedule A

Toys R Us, Delaware, *et al.,*
Taxing Authority Claims*

| Name | Paid |
|------|------|
| JOEL GREENBERG, SEMINOLE COUNTY TAX COLLECTOR | $    1,784.08 |
| JOEL GREENBERG, SEMINOLE COUNTY TAX COLLECTOR | $    2,390.04 |
| JOEL GREENBERG, SEMINOLE COUNTY TAX COLLECTOR | $    1,557.81 |
| KATY MANAGEMENT DISTRICT # 1 (HFBM4) | $    9,545.91 |
| KATY MANAGEMENT DISTRICT # 1 (HFBM4) | $    7,478.33 |
| KERN COUNTY TREASURER TAX COLLECTOR | $    5,842.01 |
| KING COUNTY TREASURY OPERATIONS | $    3,992.46 |
| KING COUNTY TREASURY OPERATIONS | $    4,216.50 |
| KITSAP COUNTY TREASURER | $    1,540.74 |
| KNOX COUNTY TRUSTEE | $    1,165.00 |
| LANE COUNTY TAX COLLECTOR | $    2,985.37 |
| LANE COUNTY TAX COLLECTOR | $   89,837.81 |
| LANE COUNTY TAX COLLECTOR | $    2,985.37 |
| LARIMER COUNTY COLORADO | $    4,526.28 |
| LARIMER COUNTY TREASURER | $    6,009.04 |
| LEE COUNTY TAX COLLECTOR | $    3,835.03 |
| LEWISVILLE ISD | $   24,562.51 |
| LEWISVILLE ISD | $   24,562.51 |
| LEWISVILLE ISD | $   74,107.82 |
| LOS ANGELES COUNTRY TREASURER AND TAX COLLECTOR | $   85,174.48 |
| LOUISIANA DEPARTMENT OF REVENUE | $    8,259.00 |
| LOWNDES COUNTY TAX COMMISSIONER | $   15,796.03 |
| LUBBOCK CENTRAL APPRAISAL DISTRICT | $   23,927.36 |
| LUBBOCK CENTRAL APPRAISAL DISTRICT | $   23,927.36 |
| LUBBOCK CENTRAL APPRAISAL DISTRICT | $   27,747.02 |
| LYNDA HALL, IN HER OFFICIAL CAPACITY AS TAX COLLECTOR OF MADISON CO, AL | $    7,671.08 |
| MANATEE COUNTY TAX COLLECTOR | $    1,226.76 |
| MANATEE COUNTY TAX COLLECTOR | $    1,226.76 |
| MANATEE COUNTY TAX COLLECTOR | $    1,363.72 |
| MANATEE COUNTY TAX COLLECTOR | $    1,363.72 |
| MANATEE COUNTY TAX COLLECTOR | $   47,632.39 |
| MARICOPA COUNTY TREASURER | $   17,816.04 |
| MARION COUNTY TAX COLLECTOR | $    3,527.06 |
| MARION COUNTY TAX COLLECTOR | $   49,347.37 |
| MCLENNAN COUNTY | $    5,779.00 |
| MCLENNAN COUNTY | $    6,635.00 |
| MIAMI-DADE COUNTY TAX COLLECTOR | $  361,139.89 |
| MIDLAND CENTRAL APPRAISAL DISTRICT, COLLECTING PROPERTY TAXES FOR MIDLAND INDEPENDENT SCHOOL DISTRIC | $   26,701.85 |
| MIDLAND CENTRAL APPRAISAL DISTRICT, COLLECTING PROPERTY TAXES FOR MIDLAND INDEPENDENT SCHOOL DISTRIC | $   27,604.94 |
| MIDLAND COUNTY | $    1,770.92 |
| MISSOURI DEPARTMENT OF REVENUE | $    1,770.36 |
| MISSOURI DEPARTMENT OF REVENUE | $      803.85 |
| MONTEREY COUNTY TAX COLLECTOR | $   39,740.21 |
| MONTGOMERY COUNTY | $   19,531.19 |
| MONTGOMERY COUNTY | $   59,217.30 |
| MONTGOMERY COUNTY | $   24,827.00 |
| MULTNOMAH COUNTY | $    7,136.22 |
| NEW JERSEY DIVISION OF TAXATION | $  637,067.82 |
| NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE | $  603,273.16 |

Schedule A

Toys R Us, Delaware, *et al.,*
Taxing Authority Claims*

| Name | Paid |
|---|---|
| NUECES COUNTY | $ 40,830.12 |
| NUECES COUNTY | $ 57,436.65 |
| NUECES COUNTY | $ 46,181.71 |
| OSCEOLA COUNTY TAX COLLECTOR | $ 1,411.89 |
| OSCEOLA COUNTY TAX COLLECTOR | $ 5,054.82 |
| PARISH OF JEFFERSON | $ 566.91 |
| PASADENA INDEPENDENT SCHOOL DISTRICT | $ 24,195.36 |
| PASCO COUNTY TAX COLLECTOR | $ 4,602.41 |
| PEYTON C. COCHRANE, TAX COLLECTOR, TUSCALOOSA COUNTY, ALABAMA | $ 1,077.38 |
| PIERCE COUNTY | $ 4,564.90 |
| POTTAWATTAMIE COUNTY | $ 69,375.00 |
| PRINCE GEORGE'S COUNTY, MARYLAND | $ 7,850.35 |
| PRINCE WILLIAM COUNTY | $ 9,950.05 |
| PULASKI COUNTY TREASURER | $ 50,851.03 |
| RANKIN COUNTY | $ 13,193.09 |
| RIVERSIDE COUNTY TAX COLLECTOR | $ 68,671.31 |
| SAN DIEGO COUNTY TREASURER-TAX COLLECTOR | $ 359,508.25 |
| SAN MARCOS CISD | $ 1,125.18 |
| SAN MARCOS CISD | $ 777.05 |
| SCOTT COUNTY | $ 61,485.00 |
| SEBASTIAN COUNTY | $ 16,642.76 |
| SEMILONE COUNTY TAX COLLECTOR | $ 4,923.42 |
| SHELBY COUNTY TRUSTEE | $ 2,389.55 |
| SHELBY COUNTY TRUSTEE | $ 86,939.65 |
| SHELBY COUNTY TRUSTEE | $ 1,997.46 |
| SMITH COUNTY | $ 8,794.49 |
| SMITH COUNTY | $ 24,843.12 |
| SNOHOMISH COUNTY | $ 78,368.33 |
| SONOMA COUNTY TAX COLLECTOR | $ 2,141.18 |
| SPOKANE COUNTY TREASURER | $ 2,653.96 |
| SPRING BRANCH INDEPENDENT SCHOOL DISTRICT | $ 25,002.06 |
| SPRING BRANCH INDEPENDENT SCHOOL DISTRICT | $ 25,954.85 |
| SPRING INDEPENDENT SCHOOL DISTRICT | $ 10,555.96 |
| SPRING INDEPENDENT SCHOOL DISTRICT | $ 12,525.28 |
| STARLA MOSS - REVENUE COMMISSIONER | $ 1,489.71 |
| STATE OF FLORIDA - DEPARTMENT OF REVENUE | $ 3,291.40 |
| SUTTER COUNTY TAX COLLECTOR | $ 1,231.96 |
| TANEY COUNTY TAX COLLECTOR | $ 1,344.58 |
| TARRANT COUNTY | $ 120,470.16 |
| TARRANT COUNTY | $ 172,394.60 |
| TAX APPRAISAL DISTRICT OF BELL COUNTY, COLLECTING PROPERTY TAXES FOR THE COUNTY OF BELL, TEXAS, THE | $ 23,901.86 |
| TAXING DISTRICTS COLLECTED BY POTTER COUNTY | $ 29,128.34 |
| TAXING DISTRICTS COLLECTED BY POTTER COUNTY | $ 29,128.33 |
| TEDDY J. FAUST, JR., BALDWIN COUNTY REVENUE COMMISSIONER | $ 499.62 |
| THE COUNTY OF BRAZOS, TEXAS, COLLECTING PROPERTY TAXES FOR ITSELF AND FOR THE CITY OF COLLEGE STATIO | $ 45,691.56 |
| THE COUNTY OF BRAZOS, TEXAS, COLLECTING PROPERTY TAXES FOR ITSELF AND FOR THE CITY OF COLLEGE STATIO | $ 22,975.63 |
| THE COUNTY OF DENTON, TEXAS | $ 13,224.76 |
| THE COUNTY OF DENTON, TEXAS, COLLECTING PROPERTY TAXES FOR ITSELF AND FOR THE TOWN OF LITTLE ELM, TE | $ 38,900.81 |
| THE COUNTY OF HAYS, TEXAS, COLLECTING PROPERTY TAXES FOR ITSELF AND FOR THE CITY OF SAN MARCOS, TEXA | $ 888.73 |

Schedule A

Toys R Us, Delaware, *et al.,*
Taxing Authority Claims*

| Name | Paid |
|---|---:|
| THE COUNTY OF HAYS, TEXAS, COLLECTING PROPERTY TAXES FOR ITSELF AND FOR THE CITY OF SAN MARCOS, TEXA | $    846.38 |
| THE COUNTY OF WILLIAMSON, TEXAS, COLLECTING PROPERTY TAXES FOR ITSELF AND FOR THE CITY OF ROUND ROCK | $    2,515.15 |
| THE COUNTY OF WILLIAMSON, TEXAS, COLLECTING PROPERTY TAXES FOR ITSELF AND FOR THE CITY OF ROUND ROCK | $    2,395.36 |
| THE OHIO DEPARTMENT OF TAXATION | $    7,753.57 |
| THE WOODLANDS METRO CENTER MUD | $    957.55 |
| THE WOODLANDS METRO CENTER MUD | $    1,101.84 |
| THE WOODLANDS ROAD UTILITY DISTRICT #1 | $    1,101.84 |
| THURSTON COUNTY | $    111,087.85 |
| THURSTON COUNTY | $    7,898.04 |
| TOWN OF DARTMOUTH | $    147.58 |
| TOWN OF MANCHESTER, CT | $    11,590.06 |
| TOWN OF WEST HARTFORD | $    10,015.08 |
| TYLER INDEPENDENT SCHOOL DISTRICT | $    15,862.56 |
| TYLER INDEPENDENT SCHOOL DISTRICT | $    16,048.63 |
| VENTURA COUNTY | $    9,426.66 |
| VIGO COUNTY | $    5,991.60 |
| WASHINGTON COUNTY TAX COLLECTOR | $    23,668.46 |
| WASHOE COUNTY TREASURER | $    3,362.42 |
| WASHOE COUNTY TREASURER | $    38,448.82 |
| WICHITA COUNTY | $    20,967.28 |
| WICHITA COUNTY | $    26,477.08 |
| WICOMICO COUNTY, MARYLAND | $    3,391.28 |
| WILL COUNTY TREASURER | $    526,901.52 |
| WILLIAMSON COUNTY ILLINOIS | $    47,562.06 |
| WISCONSIN DEPARTMENT OF REVENUE | $    124,918.48 |
|  |  |
| Income & Franchise taxes pd | $    309,615.00 |
| Payroll tax pd | $    10,004.00 |

$  12,881,412.45

*Substantially all tax claims reflected herein are either secured obligations or administrative priority claims or would have constituted administrative priority claims had such claims not been otherwise satisfied. To the extent other tax obligations were paid, such obligations were paid in accordance with the *Final Order (I) Authorizing the Payment of Certain Prepetition and Postpetition Taxes and Fees and (II) Granting Related Relief* [Docket No. 727] or in the ordinary course of business prior to the Effective Date.

Schedule A

Toys R Us, Delaware, *et al.,*
Administrative Claims

| | | |
|---|---:|---:|
| Escrow funding by Toys R Us, Delaware | | $ 180,000,000 |
| | | |
| Less:   Payments per settlement agreement: | | |
|   Ad Hoc Vendor Group | 1,400,000 | |
|   Vendor Committee Members | 600,000 | |
|   Non-Released Claims Trust | 5,000,000 | |
| | 7,000,000 | (7,000,000) |
| | | |
|   Distributions on behalf of allowed administrative claims: | | |
|   Paid to date 9/13/19 | 130,071,108 | |
|   Severance claim distribution (to be paid) | 2,000,000 | |
| | 132,071,108 | (132,071,108) |
| | | |
| Escrow Balance | | |
|   To be distributed on behalf of allowed administrative claims | | 40,928,892 |
| | | |
| Total Administrative Claims paid from escrow | | 180,000,000 |
| | | |
| Administrative lease / landlord claims paid | | 5,342,351 |
| | | |
| Total Administrative Claims paid or to be paid | | $ 185,342,351 |

Distribution Analysis

| | | Distribution % |
|---|---:|---|
| Allowed Administrative Claims (excluding Severance claims) | 755,288,944 | 22.6403% (a) |
| Reserve Contingency (a) | 25,000,000 | |
| Reserve Base | 780,288,944 | 21.9150% (a) |
| | | |
| Distributions made to date (excluding Severance claims) | 130,071,108 | |
| Distributions to be made | 40,928,892 | |
| | 171,000,000 | |

(a)    The total payout for Allowed Administrative Claims is a range of 21.9150% - 22.6403% and
the reserve contingency will be released as appropriate after the final decree and then
distributed in accordance with the terms of the plan.

Schedule A

Toys R Us, Delaware, *et al.,*
Term B-2, B-3 & B-4 Loan Claims Paid

| Loans | | Paid |
|---|---|---|
| Term B-2 & B-3 Loans | $ | 5,994,240 |
| Term B-4 Loans | | 32,405,760 |
| Term B-4 Loans | | 12,049,644 |
| | $ | 50,449,644 |

Schedule A

Toys R Us, Delaware, *et al.,*
Other Secured Claims Paid

| Name | | Paid |
|------|---|------|
| READERLINK DISTRIBUTION SERVICES, LLC | $ | 317,440 |
| FORDOLES USA INC | | 150,000 |
| | $ | 467,440 |